IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGIS VAUGHN MITCHOM,

Plaintiff,

v.

RODRDEOUS HOLLOWAY, et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-2727-TWT

## ORDER

This is an action for copyright infringement. It is before the Court on the Defendants' Motion to Cancel Lis Pendens [Doc. 14]. In his Complaint, the Plaintiff alleges that Defendants infringed on his copyright by copying, distributing, publishing, displaying, and using certain drawings for the design of a house that were prepared by Plaintiff to prepare derivative works, raise funds for, build, advertise, and market for sale, and profit from a custom house owned by Defendant Icon. Under Georgia law, notice of lis pendens may be recorded only as to suits in which "real property [is] involved." O.C.G.A. § 44-14-610; *see also Kenner v. Fields*, 217 Ga. 745 (1962), *overruled on other grounds by Scroggins v. Edmondson*, 250 Ga. 430, 431 n.1 (1982). Where no real property is "involved," a lis pendens may be ordered canceled by the trial court. *Kenner*, 217 Ga. at 74. Without citing to any specific rule, statute, or

case, Plaintiff has disingenuously claimed that, "based on basic federal rules of civil procedure, it would not be proper for a federal court to act as the subject matter of the motion has not been properly joined to the case." (Pl.'s Br. in Opp'n to Def.'s Mot. to Cancel Lis Pendens, at 6.) This unsupported contention flies in the face of a plethora of case law wherein district courts have read, considered, and decided on issues involving the cancellation of a lis pendens. *See, e.g., Taylor v. Wachovia Mortg. Corp.*, No. 1:07-CV-2671-TWT, 2009 WL 249353 at *1, 10 (N.D. Ga. Jan. 30, 2009) (Thrash, J.) (adopting recommendation of Magistrate Judge Vineyard to grant summary judgment on a defendant's counterclaim requesting cancellation of the lis pendens); *Evans v. BAC Home Loans Servicing, LP,* No. 1:12-CV-1849-CC-ECS, 2012 WL 13018323, at *3 (N.D. Ga. Oct. 22, 2012) (granting a defendant's request for cancellation of the lis pendens); *Prophetical Word Church of Ga., Inc. v. Regions Bank*, No. 1:13-CV-1983-CAP-ECS, 2013 WL 12382316, at *7 (N.D. Ga. Oct. 9, 2013) (same).

A lis pendens may not be based upon a suit for money damages only; the purpose of a lis pendens is to notify prospective purchasers that the real property in question is directly involved in a pending suit over title or an interest, i.e., a lien, an equitable interest, fraudulent conveyance, contract right, or other similar interest, which seeks some relief respecting such alleged interest in such realty. *Hutson v. Young*, 255 Ga. App. 169, 170 (2002) (citing *Moore v. Bank of Fitzgerald*, 266 Ga. 190 (1996)). Where the litigation

does not assert an interest in land, filing a lis pendens is improper and may be ordered canceled by the trial court. *Kenner*, 217 Ga. at 747. Plaintiff does not assert an interest in land. He asserts an interest in copyright, which constitutes personal property, not real property. The Supreme Court of Georgia has made clear that an interest in personal property such as copyright "does not entitle the plaintiff to relief against the real property" for purposes of the lis pendens statute, O.C.G.A. § 44-14-610. *Meadow Springs, LLC v. IH Riverdale, LLC*, 286 Ga. 701, 704 (2010) (citing *Hill v. L/A Mgmt. Corp.*, 234 Ga. 341, 343 (1975)). This rule remains in force even if the dispute has implications for the status of real property. *Hill*, 234 Ga. at 342-43.

Plaintiff argues that, by virtue of its claim for injunctive relief pursuant to 17 U.S.C. § 502, this case "involves" real property for the purposes of the lis pendens statute. Plaintiff's argument is without merit. Under Section 502, a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Here, the alleged infringement—the construction of the building—has already occurred. Therefore, there is no ongoing infringement that can be prevented or restrained. In any event, Plaintiff seeks an injunction against the sale of the property but offers no support for the contention the act of selling a property can constitute infringement that an injunction could "prevent or restrain."

The Defendants' Motion to Cancel Lis Pendens [Doc. 14] is GRANTED.

3

The Clerk of the Superior Court of Dekalb County is hereby ordered to cancel the lis pendens on 516 Parker Avenue, Decatur, GA 30032 filed in Lien Book 2415, page 254, DeKalb County, Georgia records.

SO ORDERED, this \_\_\_\_8th\_\_\_\_ day of December, 2021.

THOMAS W. THRASH, JR.
United States District Judge

4