IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGIS VAUGHN MITCHOM,<br><br>　　Plaintiff,<br><br>v.<br><br>RODRDEOUS HOLLOWAY, ICON ACQUISITIONS, LLC, THE JLM GROUP LLC D/B/A/ RE/MAX PREMIER, and TORRENCE FORD<br><br>　　Defendants. | Civil Action No.<br>1:21-cv-02727-VMC |

**ORDER**

The Court held a telephone conference on September 1, 2022 to resolve multiple ongoing discovery disputes amongst the Parties. Having considered the arguments and positions of the Parties, the Court now provides the following summary of its decisions.

**I.　Overview**

As an initial matter, the Court encourages the Parties to meet and confer regarding either answers to interrogatories they believe are unresponsive and/or documents requested that have yet to be produced. While the Court prefers the Parties meet and confer via telephone, it acknowledges that such efforts have thus far been unsuccessful and agreed that the Parties could confer in writing, which would also help the Court evaluate any future disputes. The Parties are reminded

that discovery disputes are best resolved when the Parties discuss these matters in good faith, without intervention from the Court.

## II.     Upcoming Deadlines

At the discovery conference, the Court imposed the following deadlines on the Parties:

1. The Parties have until September 16, 2022 to produce and/or respond to any outstanding interrogatories or request for production of documents. If a party objects to a specific request, it must state that objection with specificity so the Court can determine if the objection is proper. The objection will be waived if the Court is unable to discern the basis for said objection.

2. The Parties have until September 16, 2022 to submit any third-party discovery requests. Any third-party discovery request not sent out on or before September 16, 2022 will not be enforced by the Court.

3. The Parties have until September 16, 2022 to produce any privilege logs for documents being withheld based on privilege. Failure to produce a privilege log will result in waiver.

4. The Parties have until September 16, 2022 to identify any individuals they intend to depose. The Parties must send this list to Courtroom Deputy, Velma Shanks, no later than 5:00PM on September 16, 2022. The

Parties shall then have forty-five (45) days to complete depositions of those individuals identified.

### III.   Decisions at the Discovery Conference

At the Conference, the Court ordered or directed as follows:

1. *Elimination of boilerplate objections.* The Parties included boilerplate objections in their responses to the opposing party's discovery request. Boilerplate objections are not allowed under the Federal Rules of Civil Procedure, and thus the Parties are **DIRECTED** not to include any boilerplate objections to a discovery request. For example, if a Party alleges that a request is "ambiguous, overbroad, or burdensome," it must identify with specificity how the request is ambiguous. Otherwise, such objection is improper. The Parties are further **DIRECTED** to resubmit any objections they have to an opposing party's discovery request, with specificity.

2. *Requirement to produce privilege log.* If a Party objects to a discovery request on the basis that the information sought is privileged, the objecting party is **DIRECTED** to produce a privilege log. Federal Rule of Civil Procedure 26(b)(5) mandates that "[w]hen a party withholds information otherwise discoverable by claiming the information is privileged . . . [the party must] describe the nature of the documents, communications, or tangible things not produced or disclosed . . . " Where a party objects to an opposing party's

request based on privilege, but fails to produce a privilege log, the failure to produce said privilege log will result in waiver of any claim of privilege or other protection.

3. *Documents that are unavailable.* If a Party indicates that it does not have a document requested by an opposing party in its possession, the Court cannot mandate that the document be produced. The general rule is that the party withholding the document can not rely on it later. Intentionally withholding documents will result in sanctions.

4. *Compound interrogatories.* District courts in the Eleventh Circuit use a "related question" test to determine whether a subpart is part of an interrogatory or is more properly considered a discrete, separate interrogatory. Under the "related question" test, courts assess whether the subparts are logically or factually subsumed within and necessarily related to the primary question. Having reviewed Mitchom's objections to Remax/JLM/Ford's Interrogatories, the Court finds that, except for Interrogatory No. 9, no other interrogatory is compound. Thus, Mitchom is **DIRECTED** to submit a proper response to the Remax/JLM/Ford's remaining interrogatories. The Parties agreed to confer about the possibility of limiting Interrogatory No. 9, particularly with respect to subpart (c).

5. *Mitchom's general objections to Remax/JLM/Ford's Request for Production.* Objections to a reasonable request to produce documents must provide "with specificity the grounds for objection to that request, including reasons." Fed. R. Civ. P. 34(b)(2)(B). General objections to requests for production are prohibited. Mitchom is **DIRECTED** to produce documents requested by Remax/JLM/Ford unless a proper objection is made. Counsel for Mitchom indicated that she does not intend to seek a protective order as stated in her objections. However, to the extent that a protective order is sought, such motion must be filed no later than 12:00PM on Friday, September 9, 2022.

6. *Production of final sales contract to Mitchom.* Counsel for JLM/Remax/Ford indicated they intended to produce the final purchase and sales agreement for the Daniel Avenue property. Defendants shall not be required to produce any prior purchase and sales agreements relating to the Property.

7. *Production of investor communications.* Based on the arguments made at the conference, Icon/Holloway shall not have to produce any documents related to how it financed the construction of the Daniel Avenue property.

8. *Verification of Mitchom's Interrogatory Responses.* Remax/JLM/Ford agreed that Mitchom's current verification is sufficient, and counsel for Mitchom agreed that she would not later object to the validity of those responses.

9. *Future discovery disputes*. If, by the September 16, 2022 deadline described above, either of the Parties are dissatisfied with the production and/or responses they received to a discovery request, that Party is **DIRECTED** to submit a written statement, of 500 words or less, to the Court, via email to Ms. Shanks, providing: 1) the request made, 2) what was produced/responded to, and 3) identify what they believe is missing and the basis for that belief.

10. *Mitchom's Response to Remax/JLM/Ford's Interrogatories Nos. 3 and 7.* The Court finds Mitchom's Response to Interrogatory No. 3 sufficient to the extent that it relies on documents needed from either Defendant to accurately calculate damages in this case. When those documents are received, Mitchom shall supplement his response to this interrogatory as appropriate. The Court also finds Mitchom's Response to Interrogatory No. 7 sufficient. Mitchom shall supplement his response to this interrogatory as appropriate.

11. *Icon/Holloway's Responses to Mitchom's Request for Production.* Icon/Holloway agreed to supplement their responses to Mitchom's Request for Production. Counsel will reach out to his clients to ensure no responsive documents are missing from said production.

**SO ORDERED** this 2nd day of September, 2022.

_____
Victoria Marie Calvert
United States District Judge